UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LUIS IVAN POBLETE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-cv-01798 (APM) |
| U.S. MARSHALS SERVICE, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

I.  **BACKGROUND**

Plaintiff Luis Ivan Poblete, proceeding pro se, filed this lawsuit against the United States Marshals Service; Chief Judge Beryl A. Howell of this District Court; attorney Aaron Drew Neal; the law firm of McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A. ("McNamee Hosea"); and Channing D. Phillips, the United States Attorney for the District of Columbia (collectively, "Defendants").  This case arises against the backdrop of serial litigation in federal court before Chief Judge Howell in which U.S. Bank National Association ("U.S. Bank"), represented by McNamee Hosea, sued Poblete to quiet title to property it acquired at a foreclosure auction. *See U.S. Bank Nat'l Ass'n v. Poblete*, No. 15-312, 2016 WL 1089217 (D.D.C. March 18, 2016). In the present matter, Plaintiff alleges McNamee Hosea worked a fraud upon the federal court, in violation of both man-made and divine law, by representing U.S. Bank in a matter over which the court lacked jurisdiction.  *See* Notice of Removal, ECF No. 1, Complaint, ECF No. 1-1 [hereinafter Compl.].  Accordingly, Plaintiff asks the undersigned to issue a "Writ of Mandamus/Prohibition" to prevent Chief Judge Howell from continuing proceedings in the other matter and to dismiss that case.  *Id.*

McNamee Hosea and Neal ("Individual Defendants") moved to dismiss the Complaint for failure to state a claim, explaining that this suit is one of four retaliatory law suits Plaintiff has filed in reaction to unfavorable results in the proceeding before Chief Judge Howell. *See* Indiv. Defs.' Mot. to Dismiss, ECF No. 2, Mem. in Supp., ECF No. 2-1, at 1–2. The U.S. Marshals Service, Chief Judge Howell, and Phillips ("Federal Defendants") also moved to dismiss for failure to state a claim and lack of subject matter jurisdiction. *See* Fed. Defs.' Mot. to Dismiss, ECF No. 4, Mem. in Supp., at 2. The court issued a *Fox-Neal* Order after each motion was filed, giving Plaintiff until October 14, 2016, to respond and warning Plaintiff that failure to respond could result in dismissal of the case. *See Neal v. Kelly*, 963 F.2d 453, 456–57 (D.C. Cir. 1992) (requiring the district court to notify pro se litigants of the dispositive effect of a Rule 12(b)(6) motion); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam) (same); Order, ECF No. 3; Order, ECF No. 5. Plaintiff has neither responded to the motions nor sought additional time to respond.

After thoroughly reviewing the pleadings, the court dismisses this matter for failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure against the Individual Defendants and for lack of subject matter jurisdiction for any claim against the Federal Defendants.

## II. LEGAL STANDARD

A plaintiff's complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). This rule "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting

*Twombly*, 550 U.S. at 570). "Although pro se complaints are held 'to less stringent standards than formal pleadings drafted by lawyers,' and a plaintiff is entitled to all favorable inferences that may be drawn from his or her allegations, a pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Nicastro v. Clinton*, 882 F. Supp. 1128, 1129 (D.D.C. 1995) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (citation omitted), *aff'd*, 84 F.3d 1446 (D.C. Cir. 1996) (per curiam). Rule 8(a) aims to ensure defendants are given fair notice of the claims asserted against them so they may prepare a responsive answer to the plaintiff's allegations and adequately defend themselves. *Caldwell v. Argosy University*, 797 F. Supp. 2d 25, 27 (D.D.C. 2011).

A federal court must dismiss an action over which it concludes it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "A complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial, presenting no federal question suitable for decision.'" *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting *Best v. Kelly*, 29 F.3d 328, 330 (D.C. Cir. 1994)). Patently insubstantial claims are those that are "flimsier than doubtful or questionable"; they are "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted).

### III. DISCUSSION

#### 1. *Individual Defendants*

Construing the Complaint liberally and drawing all reasonable inferences in Poblete's favor, the court understands the allegations against the Individual Defendants to be that Poblete has a "superior claim" to title over the property at issue in the litigation before Chief Judge Howell and requests that the undersigned dismiss that litigation as fraudulent and hold legally responsible those actors involved. *See id.* ¶¶ 7, 10–14, 17–18, 22–23. Specifically, Poblete contends that

McNamee Hosea "entered a Void Summons and Complaint on or about March 3rd, 2015, Case #1:15-cv-00312, in breach of the public trust, outside of the Courts [sic] ministerial duty, and without proof of delegation of authority of jurisdiction of any kind." Compl. ¶ 6. Furthermore, he claims "Plaintiffs attorney" has conspired with the court and its officers to deprive him and his parents of their citizenship, as well as engaged in acts of "inland piracy and "PRESS-GANGING." *Id.*

Even graciously construed, the allegations levied against the Individual Defendants fall short of meeting the pleading requirements of Rule 8(a). At most, the Complaint alleges that the Individual Defendants participated as counsel in a proceeding over which the court lacked jurisdiction. *See* Compl. ¶¶ 6, 14. Poblete makes no further statements of fact or allegations that put the Individual Defendants on notice of the claims against them. Thus, Poblete has not met his obligations under Rule 8(a) and, therefore, the court grants the Individual Defendants' Motion to Dismiss.

### 2. *Federal Defendants*

Even liberally construing the Complaint, the court struggles to understand Poblete's allegations against the Federal Defendants. Poblete alleges all the Defendants are "acting in fraud and in violation of God's covenant, and outside the decedents will by attempting to enforce an unlawful lien on said real and personal property of the Petitioners estate." Compl. ¶ 13. Additionally, he contends that the federal court is a criminal enterprise, and Chief Judge Howell is acting "without jurisdiction" and "in conflict with the Federal Constitution." *Id.* ¶ 17. Lastly, as noted above, Poblete claims "the Court and the Court officers" have conspired to deprive him and his parents of their citizenship, and they are engaged "in the act of 'inland piracy' and 'PRESS-

GANGING.'"  *Id.* ¶ 18.  The Complaint does not mention the U.S. Marshals Service or Phillips by name.

The court finds that the Complaint presents "no federal question suitable for decision" against any Federal Defendant.  *See Tooley*, 586 F.3d at 1009.  Poblete's contention that no jurisdiction existed for the proceedings before Chief Judge Howell is a matter for direct appeal, not for another federal district judge to determine on collateral or interlocutory review.  *See, e.g.*, *Klayman v. Kollar-Kotelly*, No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013). Additionally, Poblete cannot seek relief against Chief Judge Howell for her rulings in the quiet title proceedings because judges enjoy absolute immunity from suit.  *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam).   Lastly, the Complaint makes no discernible claim against Phillips or the U.S. Marshals Service.  Accordingly, as the Complaint presents "no federal question suitable for decision," the court lacks subject matter jurisdiction and must dismiss the Complaint against the Federal Defendants.  *See* Fed. R. Civ. P. 12(h)(3).

## IV.   CONCLUSION

In light of the foregoing, the court concludes Poblete failed to provide sufficient notice of his claims against the Individual Defendants and the court lacks subject matter jurisdiction over the claims raised against the Federal Defendants.  Accordingly, the court grants both the Individual Defendants' Motion to Dismiss and the Federal Defendants' Motion to Dismiss.

Dated:  December 19, 2016              Amit P. Mehta
                                       United States District Judge